UNITED STATES of America,
Plaintiff–Appellee,

v.

Carl ARMOND, Defendant–Appellant.

No. 90–1616.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 3, 1990.

Decided Dec. 21, 1990.

Grant C. Johnson, Daniel P. Bach, Asst. U.S. Attys., Madison, Wis., for plaintiff-appellee.

David L. Mandell, Deborah Stahl, Mandell & Ginsberg, Madison, Wis., for defendant-appellant.

Before WOOD, Jr., CUDAHY and MANION, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Defendant–Appellant, Carl Armond, appeals from the sentence imposed by the district court following his guilty plea to three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Armond alleges error in the district court's enhancement of his base offense level by two points pursuant to § 2D1.1(b)(1) of the United States Sentencing Commission Guidelines (Guidelines) for possession of a firearm during the commission of a drug offense. The district court rejected the defendant's claim that he did not know that the gun, found under the driver's seat of the rental truck in which he was a passenger prior to the drug transaction at issue, was in the vehicle. The district court sentenced the defendant to 125 months on each of the three counts to run concurrently, followed by a five-year term of supervised release. Armond appeals.

## I. Background

The Metro Narcotics Unit in Madison, Wisconsin, initiated an investigation of Armond with the help of an informant. On October 3, 1989, the informant purchased two ounces of cocaine from the defendant for $2,600.00. The informant was outfitted with recording equipment to record the purchase. During the transaction, the defendant and the informant discussed future purchases. On October 10, 1989, the informant again purchased two ounces of cocaine from the defendant. As with the prior transaction, the informant wore recording equipment and recorded the controlled purchase.

On November 3, 1989, the informant contacted the defendant on his pager to schedule another cocaine purchase. The defendant returned the call, offering to deliver the cocaine to the informant's apartment, that evening, at a price of $1,300.00 per ounce. Law enforcement officials established surveillance of the apartment, with one of the officers hidden inside. Approximately twenty minutes after the defendant made the delivery arrangements, the law

enforcement officers observed a U–Haul truck pull into the parking lot adjacent to the apartment building. The officers saw the defendant, a passenger in the truck, leave the vehicle and proceed to the informant's apartment. The driver of the truck remained in the vehicle while the defendant made the delivery. After the controlled purchase was completed, both the defendant and the driver of the truck were arrested. A little less than 500 grams of cocaine was seized from the truck, as was a loaded handgun located under the driver's seat.

The defendant was charged in a three-count indictment with possession with intent to distribute cocaine. Armond pled guilty to the three counts of the indictment. At the sentencing hearing, he received a two-level enhancement for possession of a gun during the commission of criminal activity. Judge Crabb found that the defendant was not credible in his assertions that he did not know that the gun was located in the truck; therefore, she gave him a two-point enhancement pursuant to § 2D1.1.

## II. Analysis

Initially, we must address the defendant's allegation, raised for the first time at argument, that the district court improperly shifted the burden of proof of non-possession of a weapon to the defendant by having defense counsel address his objections to the application of the enhancement provision, before having the government proceed. We note that there was no objection raised by defense counsel at the sentencing hearing to the court's use of this procedure. Contrary to the defendant's assertions, there is nothing in the record to indicate that the court shifted the burden of proof away from the government. Instead, the record indicates that Judge Crabb permitted both sides to present evidence and make their arguments concerning possession of the weapon. Even if it would have been a preferred procedure to have the government make its arguments first in keeping with the fact that it had the

burden of proving possession, the defendant has not demonstrated that he suffered any prejudice as a result of the district court's chosen procedure for handling objections to the presentence report. It is evident from the record, that Judge Crabb considered the evidence and arguments of both sides before she made the decision that the two-level enhancement provision applied in this case. We find no error in the district court's handling of the objection.

Armond enumerates three issues in his brief on appeal, however, the only issue we must decide is whether the district court erred in enhancing the defendant's base offense level pursuant to § 2D1.1(b)(1) of the Guidelines for possession of a weapon during a drug transaction. We review the district court's sentencing determination under a narrow standard, affirming the decision unless it was "'imposed in violation of law or ... as a result of an incorrect application of the sentencing guidelines....'" *United States v. Durrive*, 902 F.2d 1221, 1230 (7th Cir.1990) (quoting 18 U.S.C. § 3742(f)(1)). "Section 3742(e) of title 18 requires that we give due regard to the district court's credibility determinations, accept the sentencing court's findings of fact unless they are clearly erroneous, and give due deference to the district court's application of the Guidelines to the facts." *Durrive*, 902 F.2d at 1230 (citations omitted).

Armond maintains that the government did not produce sufficient evidence to prove that he "possessed" the weapon within the meaning of that term for purposes of the enhancement provision of the Guidelines. He testified at his sentencing hearing that he did not know that his co-defendant was carrying the gun. In addition, the defendant argues that the district court held him responsible for his co-defendant's possession of the firearm, despite its acknowledgement of *United States v. Missick*, 875 F.2d 1294, 1301–02 (7th Cir.1989), which prohibited the application of the enhancement provision to a defendant for his co-de-

fendant's possession of a weapon, absent a conspiracy.

Defendant's argument that he was held accountable for his co-defendant's possession of a weapon during the transaction at issue is misplaced. In overruling the defendant's objection to the two-level enhancement, Judge Crabb specifically noted:

> I'm precluded from considering [the co-defendant's] possession of the gun as attributable to Mr. Armond. But I am prepared to find from my observation of the defendant that he is not credible on the issue of his knowledge of a gun having been in the van.
>
> In view of his relatively lengthy association with [the co-defendant], [the co-defendant's] tendency to carry a gun, [and] the nature of the conduct they were engaged in ... it seems incredible to me that Mr. Armond would not have known and indeed been assured that [the co-defendant] had a gun as they went about their delivery route.

Sentencing Transcript at 16. Instead, Judge Crabb determined that Armond was himself in possession of the weapon for purposes of the enhancement section. The *Missick* decision left open the possibility that the enhancement provision may apply to a defendant if the specific offense characteristic of possession of a firearm is present, or on the basis of co-conspirator liability. 875 F.2d at 1301–02.

This court has previously addressed the issue of when the two-level enhancement may properly be applied to the defendant for possession of a firearm during the commission of a drug offense. In *United States v. Rush*, 890 F.2d 45 (7th Cir.1989), we determined that it was appropriate for the district court to apply the enhancement to the defendant's sentence, although he was arrested in the train station and the gun was found in his car parked outside the terminal. The *Rush* court concluded that "the car, equipped with the loaded weapon, was, as the district court implied, an essential part of the crime of possession

with intent to distribute...." *Id.* at 52. In so concluding, the *Rush* court also noted that "a weapon is a 'tool of the trade' in the illegal drug industry." *Id.* at 49. Similarly, in *United States v. Franklin*, 896 F.2d 1063 (7th Cir.1990), this court affirmed the district court's application of the enhancement for possession of a weapon, where guns were recovered in a search of the defendant's home following his arrest for possession with intent to distribute at his place of employment. The *Franklin* court determined that the connection between the possession of the loaded weapons in his residence and the drug offense for which the defendant was charged was compelling; therefore, the court determined that, giving due deference to the district court's application of the Guidelines to the facts, there was no error in the sentence as imposed.

Turning to the facts, it appears that there was no error in sentencing. Application note three of Guideline § 2D1.1 states that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." In this instance, the determination that the weapon was connected with the offense of delivering the cocaine is well supported by the observation, garnered from experience on the bench, that substantial dealers in narcotics use weapons to facilitate their illegal activity. That observation has lead to this court's acknowledgement that weapons are tools of the trade in the narcotics industry.

In this case, unlike in *Missick*, Armond's sentence was enhanced on the basis of his own possession of a weapon. The evidence herein indicates that at the time of his arrest, Armond was in joint possession of a substantial quantity of cocaine and was in the process of making the rounds to distribute the cocaine. In light of this court's recognition of the inherent relationship between guns and narcotics transactions, Judge Crabb's assessment that Armond

knew and probably ensured that a weapon would be present during the delivery of the cocaine is not clearly erroneous; therefore, it was not error to conclude that he was in possession of a weapon during the commission of a drug transaction for purposes of the enhancement provision. *See United States v. White*, 875 F.2d 427 (4th Cir.1989) (Because weapons are considered tools of the trade and given that the defendants were acting in concert to distribute drugs, the court found no error in the district court's application of the two-level enhancement to defendant when the handgun was found under the co-defendant's seat in the car.); *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir.1990) (Even absent a conspiracy conviction, "sentencing courts ... may ordinarily infer that a defendant should have foreseen a co-defendant's possession of a dangerous weapon, such as a firearm, if the government demonstrates that another participant knowingly possessed the weapon while he and the defendant committed the offense by jointly engaging in concerted criminal activity involving a quantity of narcotics sufficient to support an inference of intent to distribute;" therefore, the application of the enhancement provision to the defendant was not error.).

The district court's finding that the defendant was in possession of a weapon for purposes of § 2D1.1 is not clearly erroneous. Giving due deference to the district court's application of the Guidelines to the facts, the sentence is

AFFIRMED.