937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlton D. MCCLARENCE, Defendant-Appellant.
 No. 90-3217.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1991.*
Decided July 11, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Appellant Carlton McClarence pleaded guilty to a charge of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. The district court imposed a two-level enhancement under Section 2D1.1(b)(1) of the Sentencing Guidelines for possession of a weapon during the commission of an offense. McClarence only appeals the imposition of the enhancement under Sec. 2D1.1.
 
 I. FACTS
 
 2
 Law enforcement agents found a handgun on a shelf in a cabinet during a search of the bedroom where McClarence and a codefendant were arrested. At the sentencing hearing, a postal inspector testified that this gun was on a shelf between six and seven feet from the ground. The Inspector also testified that the butt of the gun was in plain view in the opened cabinet. The testimony revealed the it was unknown whether this particular gun was loaded. However, several other guns were retrieved from the house, and at least one gun was loaded.[1] McClarence and a codefendant testified that the cabinet doors were closed and that they were unaware that a gun was in the room. The district court found the defendants' testimony was not credible, particularly in light of McClarence's testimony that he had placed cocaine in a shoe box in the cabinet.
 
 
 3
 The district court found that the two-level enhancement was appropriate under two theories. First, the judge found that the defendant was in actual possession of the gun. The district court also determined that the two-level enhancement would be appropriate under a conspiracy theory. Because McClarence pleaded guilty to a conspiracy charge, he was responsible for the possession of the gun by his coconspirators. McClarence argues that he did not know that a gun was in the cabinet and that the government failed to establish his possession of the gun. Therefore, he asks this court to find that the district court erred by imposing the two-level enhancement for possession of a weapon.
 
 II. ANALYSIS
 
 4
 "Section 3742(e) of title 18 requires that we give due regard to the district court's credibility determinations, accept the sentencing court's findings of fact unless they are clearly erroneous, and give due deference to the district court's applications of the Guidelines to the facts." United States v. Armond, 920 F.2d 480, 481 (7th Cir.1990) (quoting United States v. Durrive, 902 F.2d 1221, 1230 (7th Cir.1990)). Application Note 3 to Sec. 2D1.1(b)(1) of the Sentencing Guidelines provides:
 
 
 5
 The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense.
 
 
 6
 The district court did not err in enhancing McClarence's sentence. McClarence testified that he placed a shoe box with the cocaine in the cabinet within five feet of where the gun was found. "Physical proximity of the weapon and contraband is usually enough to support an enhancement." United States v. Rodriguez-Nuez, 919 F.2d 461, 466 (7th Cir.1990) (citing United States v. Franklin, 896 F.2d 1063, 1065-66 (7th Cir.1990)). See also Durrive, 902 F.2d at 1231-32; Valencia, 913 F.2d at 384-85. Nothing in the record leads us to the conclusion that it "is clearly improbable that the weapon was connected to the offense."
 
 The decision of the district court is
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Law enforcement officers found another handgun in a different bedroom hidden between two mattresses. In addition, two shotguns were seized on the ground level of the residence. One of these guns was loaded