**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory J. EDWARDS,
Defendant–Appellant.**

**No. 90–2773.**

United States Court of Appeals,
Seventh Circuit.

Argued June 18, 1991.

Decided Aug. 16, 1991.

Jeffrey Anderson, Asst. U.S. Atty. (argued), Madison, Wis., for plaintiff-appellee.

Stephen J. Meyer (argued), Vanmetre, Hanson & Meyer, Madison, Wis., for defendant-appellant.

Before BAUER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Gregory Edwards was charged with and entered a plea of guilty to the distribution of cocaine, in violation of 21 U.S.C.

§ 841(a)(1).[1] Mr. Edwards appeals the district court's enhancement of his sentence pursuant to United States Sentencing Guideline (U.S.S.G. or guideline) § 2D1.1(b)(1) for possession of a weapon during the commission of a crime.[2] For the reasons set forth in this opinion, we vacate the sentence and remand the case to the district court for resentencing.

## I

## BACKGROUND

On April 9, 1988, Mr. Edwards delivered approximately one kilogram of cocaine to Steven Kreger in a parking lot at East Towne Mall in Madison, Wisconsin. Unbeknownst to either man, officers from the Dane County Metro Narcotics Unit received a tip from an informant that the sale was to take place. Therefore, narcotics officers had the parking lot under surveillance and observed the transaction. Mr. Edwards left the parking lot and drove to a restaurant, where he and a companion were arrested. Police officers immediately searched Mr. Edwards' vehicle and discovered $27,000 in cash.[3] Police officers did not, however, find any weapons in the car, nor did Mr. Edwards or his companion carry a weapon.

Police obtained a search warrant the next day and searched Mr. Edwards' residence in Poynette, Wisconsin which is approximately twenty-five miles from East Towne Mall. "The search team found a set of scales, baggies containing cocaine residue, over $36,000 in currency, a number of weapons, and other valuable objects, including electronic equipment, jewelry, and art objects." *United States v. Edwards*, 885 F.2d 377, 388 (7th Cir.1989).

The district court added a two-level enhancement to Mr. Edwards' base offense level for the possession of a dangerous weapon during the commission of a crime under section 2D1.1(b)(1) of the guidelines.[4] The court based the enhancement on the weapons found in Mr. Edwards' residence. The court rejected Mr. Edwards' argument that the upward adjustment would be inappropriate because he did not carry a weapon during the commission of the crime for which he was convicted. The court sentenced Mr. Edwards to 151 months' imprisonment, to be followed by a period of five years' supervised release, and imposed the usual criminal justice assessment.

## II

## ANALYSIS

We must decide whether the district court erred in applying the two-level enhancement to Mr. Edwards' base offense level pursuant to section 2D1.1(b)(1) for the

---

1. There is some confusion in the record concerning the actual crime of conviction. The record indicates that the complaint, indictment, and superseding indictment all charged that Mr. Edwards "did knowingly and unlawfully distribute" approximately 1,000 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). The government filed an information which stated that Mr. Edwards unlawfully distributed cocaine. Mr. Edwards waived prosecution by indictment and consented to proceed by way of the information. The judgment of conviction, however, states that Mr. Edwards pleaded guilty to "possession with intent to distribute" cocaine, in violation of 21 U.S.C. § 841(a)(1). At oral argument, the parties agreed that Mr. Edwards pleaded guilty to only a charge of distribution and, that if the judgment of conviction states otherwise, it is erroneous. Both parties have assured this court that a motion will be filed under Fed.R.Crim.P. 36 to correct the clerical error in the judgment.

2. In an earlier appeal, this court upheld Mr. Edwards' conviction. *See United States v. Edwards*, 885 F.2d 377 (7th Cir.1989). This is the second time that Mr. Edwards has been sentenced in this case. At the date of the original sentencing hearing, the district court believed that the sentencing guidelines were unconstitutional. Therefore, the court sentenced Mr. Edwards to 15 years' imprisonment under the "old law." Mr. Edwards brought a petition pursuant to 28 U.S.C. § 2255 requesting that he be sentenced under the guidelines. The district court granted the request for resentencing. It is from the sentence imposed under the guidelines that Mr. Edwards appeals.

3. The police also arrested Mr. Kreger, who confirmed that he paid Mr. Edwards $27,000 to purchase the cocaine.

4. U.S.S.G. § 2D1.1(b)(1) provides: "If a dangerous weapon (including a firearm) was possessed during the commission of the offense, increase by 2 levels."

possession of a dangerous weapon. "We review the district court's sentencing determination under a narrow standard, affirming the decision unless it was 'imposed in violation of law or ... as a result of an incorrect application of the sentencing guidelines.'" *United States v. Armond,* 920 F.2d 480, 481 (7th Cir.1990) (quoting *United States v. Durrive,* 902 F.2d 1221, 1230 (7th Cir.1990)).

This court recently discussed the weapon enhancement under section 2D1.1(b)(1) in *United States v. Rodriguez–Nuez,* 919 F.2d 461 (7th Cir.1990). In *Rodriguez–Nuez,* the court examined the requirement in section 2D1.1(b)(1) of temporal and geographical proximity between the weapons and the contraband. Rodriguez–Nuez pleaded guilty to a charge of possession with intent to distribute cocaine. He was not charged with conspiracy. Two residences, a duplex and a house, were involved in the storing and selling of the cocaine. Law enforcement officials arrested Rodriguez–Nuez at the duplex. The officers searched the duplex and found an unloaded rifle and a loaded handgun, but no cocaine. Police then searched the house, which was located several miles from the duplex. The police found four kilogram packages of cocaine, eight ounces of heroin, a triple beam scale, $34,000 cash, and a money-counting machine in the house. *Id.* at 463. The district court enhanced the defendant's sentence under section 2D1.1(b)(1) "based on the unloaded rifle upstairs at the duplex, and the loaded pistol downstairs, finding that 'the weapons are there to facilitate the drug business.'" *Id.* at 466. In reversing the enhancement, this court noted that there was no proximity between the weapon and the contraband and concluded:

There was no evidence that the defendant ever possessed the guns at the same time he was close to the seized cocaine. There *was* solid evidence that drug dealing took place at the duplex, and it would be reasonable to infer that the guns had been present during these transactions and would be in the future. However, § 2D1.1(b)(1) says that the weapons must be possessed "during the commission of the offense," and this must mean the offense of *conviction.*

*Id.* at 466–67 (emphasis in original).[5]

Mr. Edwards, like Rodriguez–Nuez, was not convicted on a conspiracy charge. Therefore, the weapons enhancement cannot be upheld under a theory that the weapons were possessed by a coconspirator or used in furtherance of the conspiracy. Thus, the cases in which this court upheld the weapon enhancement when the defendant was convicted of conspiracy are inapplicable to the analysis in this appeal. *See, e.g., United States v. Atterson,* 926 F.2d 649 (7th Cir.1991); *United States v. Valencia,* 913 F.2d 378 (7th Cir.1990); *United States v. Durrive,* 902 F.2d 1221 (7th Cir. 1990).[6]

■ The government nevertheless argues that the district court appropriately enhanced the sentence and contends that our decision in *United States v. Franklin,* 896 F.2d 1063 (7th Cir.1990), is controlling. In that case, drug enforcement surveillance identified Franklin as a supplier of cocaine. Franklin supplied some cocaine to Mark Brown, who in turn attempted to sell the cocaine to a confidential FBI informant. Following Brown's arrest, police arrested Franklin at his place of work. A subsequent search of Franklin's home revealed almost two kilograms of cocaine and three loaded handguns. The district court enhanced Franklin's offense level under sec-

---

**5.** Other circuits have required a showing that the "possession of a weapon [is] in reasonable proximity to the scene of the drug transaction." *United States v. Burke,* 888 F.2d 862, 868 (D.C. Cir.1989). *See also United States v. Suarez,* 911 F.2d 1016, 1019 (5th Cir.1990); *United States v. North,* 900 F.2d 131, 135 n. 8 (8th Cir.1990); *United States v. Vasquez,* 874 F.2d 250, 251 (5th Cir.1989). *But cf. United States v. Willard,* 919 F.2d 606, 610 (9th Cir.1990).

**6.** Similarly, this court has reversed a weapon-possession enhancement when the firearms were possessed only by the recipients of the cocaine, and the cocaine recipients were not charged as coconspirators with the defendant. *See United States v. Missick,* 875 F.2d 1294 (7th Cir.1989).

tion 2D1.1(b)(1). The government argues that *Franklin* stands for the proposition that, if evidence seized from a home suggests that the residence is used for drug activity, there is a sufficient nexus between guns seized and the offense to merit a weapons enhancement. The government fails to recognize that, in *Franklin* both the guns and cocaine were found in the residence, and that Franklin was charged with possessing the cocaine discovered in his home. That Franklin's arrest occurred elsewhere is not relevant: the essential geographical and temporal proximity existed between the drugs, which served as the basis for the charge, and the firearms. This necessary proximity is not present in this case as it was not present in *Rodriguez–Nuez*.

The government also argues that the enhancement is proper according to this court's analysis in *United States v. Rush*, 890 F.2d 45 (7th Cir.1989). In that case, Rush was intercepted and arrested while heading toward his automobile, which authorities later discovered contained weapons. Rush was convicted of one count of conspiracy to possess and distribute heroin and one count of possession with intent to distribute heroin. We upheld the weapons enhancement by the district court.[7] We reasoned:

> The car, equipped with the loaded weapon, was, as the district court implied, an essential part of the crime of possession with intent to distribute—a crime that, had it not been interrupted, would have continued through the very use of the car. The charged conspiracy also involved the weapon-outfitted car. Indeed, the car was an essential tool of the conspiracy—a conspiracy in which the defendant had the comfort of knowing that a loaded weapon was close at hand.

*Rush*, 890 F.2d at 52. *Rush* is distinguishable from Mr. Edwards' situation. First, as already noted, Mr. Edwards was not convicted of conspiracy, but of distributing cocaine. Also, the distance between Rush and his car where the gun was found was

minimal, unlike the twenty-five mile gap between Mr. Edwards and his weapons. Mr. Edwards' guns were not "close at hand."

■ We must conclude that, under the doctrines of *stare decisis* and precedent, the *Rodriguez–Nuez* opinion is controlling. Indeed, Mr. Edwards' situation presents a stronger case against the application of the weapons enhancement than the facts upon which the court based its decision in *Rodriguez–Nuez*. The basis of Mr. Edwards' conviction is the distribution that took place at East Towne Mall. At the time of the delivery, Mr. Edwards did not possess any weapons. The weapons were twenty-five miles away, inaccessible "during the commission of the offense." U.S.S.G. § 2D1.1(b)(1). The weapons enhancement may be applied only if the weapons were possessed during the commission of the crime, "and this must mean the crime of conviction." *Rodriguez–Nuez*, 919 F.2d at 467 (emphasis in original). The crime for which Mr. Edwards was charged and convicted did not occur at his home where the guns were discovered nor did the crime occur in proximity to the home. In short, there is no evidence that Mr. Edwards "ever possessed the guns at the same time he was close to the seized cocaine." *Id.* at 466. Accordingly, we must conclude that the district court erroneously enhanced Mr. Edwards' sentence.

■ Mr. Edwards notes that there is an overlap between the guideline ranges with and without the enhancement. With the two-level enhancement, the guideline range is 151 to 188 months. Without the enhancement, the range is 121 to 151 months. The district court sentenced Mr. Edwards to 151 months' imprisonment, the lowest possible sentence under the guideline range with the enhancement included. "Where it appears that the district court judge chose a sentence because he incorrectly thought it was at the low end of the applicable Guidelines range, the court of appeals

---

7. This court similarly upheld an enhancement when a gun and less than 500 grams of cocaine were found beneath a seat in a truck which the defendant had exited just prior to making a cocaine delivery. *United States v. Armond*, 920 F.2d 480 (7th Cir.1990).

should remand for proper resentencing." *United States v. Tetzlaff,* 896 F.2d 1071, 1073 (7th Cir.1990).[8]

### Conclusion

For the reasons stated above, the sentence is vacated and the case remanded to the district court for resentencing.

VACATED AND REMANDED.

---

8. The government concedes that it is not clear whether the same sentence would have been imposed under either formulation. Therefore, the government agrees that remand is necessary.