991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
ERIC K. JOHNSON, Petitioner/Appellant,
v.
UNITED STATES OF AMERICA, Respondent/Appellee.
 No. 92-2454.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1993.*
Decided April 1, 1993.
 
 1
 Appeal from the United States District Court for the Central District of Illinois, Danville Division.
 
 
 2
 C.D.Ill.
 
 
 3
 AFFIRMED.
 
 ORDER
 
 4
 Eric Johnson appeals the denial of his motion to vacate his sentence under 28 U.S.C. § 2255. We affirm.
 
 I.
 
 5
 An indictment charged Johnson with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, attempting to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, and carrying a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c). A jury found Johnson guilty of the conspiracy charge but not guilty of the attempt and firearm charge. Johnson's only challenge on his unsuccessful direct appeal was to the disproportionate length of his sentence compared to that of his co-defendant. See United States v. Evans, 924 F.2d 714 (7th Cir.1991).
 
 
 6
 In his section 2255 motion, Johnson raised five issues: 1) improper enhancement of his sentence for possession of a firearm under U.S.S.G. § 2D1.1(b)(1); 2) denial of credit for acceptance of responsibility and for being a minimal participant; 3) the district court's failure to comply with Rule 32 of the Federal Rules of Criminal Procedure; 4) the district court's reliance on erroneous information when sentencing the defendant; and 5) ineffective assistance of trial counsel at sentencing. Because none of the first four issues was raised on direct appeal, Johnson was precluded from relying on them as bases for his section 2255 motion unless he demonstrated cause and prejudice. United States v. Frady, 456 U.S. 152, 167 (1982); see also Murray v. Carrier, 477 U.S. 478, 489-91 (same standard must be satisfied whether defendant failed to object to error before the trial court or failed to raise claim on appeal). The district court denied Johnson's section 2255 motion because the petitioner failed to raise the sentencing issues in his direct appeal and failed to show cause for the default. The court also found that Johnson suffered no prejudice from the claimed ineffective assistance of trial counsel.
 
 
 7
 For the first time on appeal, Johnson alleges that his appellate counsel was ineffective because he did not raise the full panoply of issues that Johnson raised in his section 2255 motion. Notwithstanding the district court's statement that Johnson's motion did not establish cause for any of the first four arguments set forth above, Johnson did allege in his motion that appellate counsel's ineffectiveness caused him to neglect the firearm enhancement issue on appeal. Because Johnson did not contend in his motion that appellate counsel's incompetence established cause for not raising the remaining issues on appeal, however, he has waived any ineffective assistance of counsel claim except for trial counsel's failure to raise additional objections at sentencing and failure to appeal the firearm sentencing enhancement. At all events, even if Johnson had alleged his appellate counsel was ineffective for not raising every argument on appeal that is cited in his section 2255 motion, Johnson would be mistaken because those arguments have no merit.
 
 
 8
 To prevail on a claim of ineffective assistance of counsel, Johnson must show that counsel's performance was constitutionally inadequate under the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984). Johnson must establish that (1) his attorney committed errors so serious that his performance "fell below an objective standard of reasonableness," id. at 687-88, and (2) that counsel's performance prejudiced the defendant such that it rendered the proceeding fundamentally unfair or made the result unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland, 466 U.S. at 687. In the context of an appeal, counsel need not raise every conceivable argument that is supported by the record. Evitts v. Lucey, 469 U.S. 387, 394 (1984). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 647 (7th Cir.1986). Because failure to satisfy either prong of the Strickland standard is fatal to an effective assistance of counsel claim, United States v. Slaughter, 900 F.2d 1119, 1124 (7th Cir.1990), if Johnson fails to show prejudice resulting from counsel's alleged error he has procedurally defaulted. See Velarde v. United States, 972 F.2d 826, 828-29 (7th Cir.1992).
 
 
 9
 Johnson's only claim of ineffective assistance of appellate counsel raised in his section 2255 motion concerned the district court's two-level enhancement of his base offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during commission of the offense. Johnson contends that because the jury found that he was not guilty of possession of a firearm under 18 U.S.C. § 924(c), the district court erred in enhancing his base offense level and appellate counsel blundered by not raising the issue on appeal. Johnson's contention is without merit. A district court may enhance a defendant's base offense level pursuant to section 2D1.1(b)(1) even if the defendant has been acquitted of the firearms offense. United States v. Ewing, 979 F.2d 1234, 1237 (7th Cir.1992); United States v. Welch, 945 F.2d 1378, 1384-85 (7th Cir.1991), cert. denied, 112 S.Ct. 1235 (1992).
 
 
 10
 The evidence supporting the two-level enhancement was substantial. Government agents posing as sellers of marijuana met with Johnson and his co-conspirator at a motel room where the drug transaction was to occur. During discussion preceding the transaction, Johnson's co-conspirator asked Johnson to retrieve the purchase money from their automobile parked outside. Johnson went to the car and brought back a pair of tennis shoes containing the buy money and an ice cooler containing a loaded .357 magnum revolver. After the agent counted the money, Johnson opened the cooler and told the agent to set the money there. The agent commented on the gun and encouraged Johnson to forego any use of gunplay. After the details of the transaction had been agreed upon, Johnson carried the cooler with the gun and cash back to his rental car. The agent's colloquy with Johnson concerning the gun was included on the tape-recording of the drug transaction. Judge Baker specifically found that Johnson carried the weapon and knew that it was present throughout the transaction;[1] this finding was amply supported and appellate counsel sensibly decided it was not worth challenging on appeal.
 
 
 11
 At his sentencing, Johnson's counsel argued that a section 2D1.1(b)(1) firearm enhancement was inappropriate; that Johnson should receive a downward departure as a "minimal participant" pursuant to U.S.S.G. § 3B1.2(a); and that Johnson should receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The district court overruled all three of the defendant's objections. In his section 2255 motion, Johnson merely challenged the propriety of the district court's rulings on his trial counsel's objections that Johnson was a minimal participant in the offense and that he had accepted responsibility. A motion under section 2255, however, is not a substitute for a direct appeal of these issues. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). Johnson attempts to argue for the first time on appeal that his appellate counsel rendered ineffective assistance when he declined to challenge the district court's findings at sentencing that the defendant was not a minimal participant who had accepted responsibility for his offense. Because Johnson did not allege ineffectiveness of appellate counsel in his section 2255 motion as cause for failure to appeal the two departure requests, he is barred from raising it for the first time on appeal. Singleton v. Wulff, 428 U.S. 106, 120 (1976); United States v. Pryor, 957 F.2d 478, 481 (7th Cir.1992). At all events, the record fully supports the district court's decision not to depart, as well as appellate counsel's determination that an appeal challenging the court's ruling would have been futile.
 
 
 12
 The district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Johnson mistakenly claims that the sentencing court resolved his objection to the factual basis for the firearm enhancement in his favor yet nonetheless increased his base offense two levels. The sentencing court merely observed that by imposing the firearm enhancement, the court was not contradicting the jury's verdict that Johnson was not guilty of the firearm charge. The district court fully complied with Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure when discussing and overruling Johnson's objections. The court expressly found that Johnson carried the firearm to the drug transaction and knew that the gun was present. Possession of a dangerous weapon within the meaning of U.S.S.G. § 2D1.1(b)(1) occurs when there is geographic and temporal proximity between the drugs involved in the underlying offense and the weapon. United States v. Edwards, 940 F.2d 1061, 1063-64 (7th Cir.1991). The district court correctly found that the evidence fully supported the two-level firearm enhancement