**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ralph A. ROMERO, Defendant–Appellant.**

**No. 03–4211.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 30, 2005.*

Decided April 5, 2005.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Kenneth M. Hays, Office of the United States Attorney, South Bend, IN, for Plaintiff–Appellee.

H. Jay Stevens, Indiana Federal Community Defenders, Inc., South Bend, IN, for Defendant–Appellant.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

### Order

A jury convicted Romero of nine drug-related charges, some substantive and some based on a conspiracy that ran between 1997 and 2002. Sentencing is the only issue on appeal. The district court enhanced Romero's sentence based on conclusions about relevant conduct (that is, the quantity of drugs within the scope of the agreement, see U.S.S.G. § 1B1.3), on a finding that Romero obstructed justice by committing perjury at trial (see U.S.S.G. § 3C1.1), and on a finding that Romero possessed a firearm in connection with his criminal conduct (see U.S.S.G. § 2D1.1(b)(1)). With respect to the first two of these three subjects, Romero's only contention on appeal rests on *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). With respect to the third, Romero contends that the Guidelines themselves offer relief, and we start with that contention.

Romero concedes that he bought a gun in 2000. He contends that he carried it only to protect himself from Charles Ransom, who frequented his auto-and-truck-customization shop. The prosecutor contended, however, and the jury must have concluded, that Ransom purchased drugs from Romero and occasionally sold some in return. To possess a gun when dealing with Ransom therefore was to possess it during the course of the conspiracy and the commission of relevant conduct. Romero observes that none of the evidence about particular sales mentions a weapon, but under the Guidelines it is enough to possess the firearm in connection with the conspiracy or any of its relevant conduct. See *United States v. Mumford*, 25 F.3d 461, 468–69 (7th Cir.1994). Romero relies on *United States v. Rodriguez–Nuez*, 919 F.2d 461 (7th Cir.1990), and *United States v. Edwards*, 940 F.2d 1061 (7th Cir.1991), but as we observed in *Mumford* those decisions interpreted an earlier version of the Guidelines and did not survive Amendment 394 in November 1991. The two-level enhancement under § 2D1.1(b)(1) therefore was appropriate.

Although the sentence is proper under the Guidelines, the district judge acted without recognizing the additional latitude afforded by the remedial holding of *Booker*. Accordingly, we remand for the limited purpose of making the finding contemplated by *United States v. Paladino*, 401 F.3d 471 (7th Cir.2005). After the district court has made that finding, we will conclude this appeal.