DLD-136                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3659
_____

RALPH A. ROMERO,
                                        Appellant

v.

WARDEN FLORENCE FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:11-cv-00246)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 19, 2013

Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 14, 2014 )
_____

OPINION
_____

PER CURIAM

        Ralph A. Romero, a federal inmate, appeals pro se from an order of the United States

District Court for the Western District of Pennsylvania denying his post-judgment motion for

relief.  Because the appeal presents no substantial question, we will summarily affirm the

1

District Court's order, see 3d Cir. L.A.R. 27.4; I.O.P. 10.6, and deny his motion for appointment of counsel.

I.

In 2003, Romero was convicted of nine counts of controlled substance violations in the United States District Court for the Northern District of Indiana. Romero received a total sentence of 420 months' incarceration, to be followed by five years of supervised release. Romero appealed, and the United States Court of Appeals for the Seventh Circuit remanded the case to the Northern District of Indiana pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), for a determination on whether the trial judge would have imposed a lower sentence in light of United States v. Booker, 543 U.S. 220 (2005). The Northern District of Indiana adhered to the original sentence, and Romero's subsequent attempts to appeal his conviction and sentence were unsuccessful. Romero then unsuccessfully sought collateral relief pursuant to 28 U.S.C. § 2255.

After Romero had been transferred to the Federal Correctional Institution, McKean, in Pennsylvania, he filed a second § 2255 motion. He sought to invoke the "savings clause" of § 2255(e), asking the Northern District of Indiana to treat his motion as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The Northern District of Indiana denied Romero's motion as an unauthorized second or successive § 2255 motion, and concluded that, to the extent that Romero's motion was actually a § 2241 petition, Romero had not demonstrated that the court had jurisdiction to consider the petition.

In 2011, Romero filed a § 2241 petition in the District Court for the Western District of Pennsylvania. He claimed that he was actually innocent of the crimes for which he had been

2

convicted, and that the Northern District of Indiana had erred in computing his sentence enhancements under the United States Sentencing Guidelines ("USSG"). The Magistrate Judge concluded that Romero had not established that § 2255 was an inadequate or ineffective remedy and, on October 10, 2012, the Western District dismissed Romero's habeas petition with prejudice for lack of jurisdiction. In July 2013, Romero asked the Western District to return to his habeas proceedings, arguing that Alleyne v. United States, 133 S. Ct. 2151 (2013), and Peugh v. United States, 133 S. Ct. 2072 (2013), demonstrated that his § 2241 petition had been improperly denied and that his continued imprisonment was unconstitutional. After determining that Romero was merely attempting to relitigate the issues raised in his § 2241 petition and that Romero had not met any of the criteria for reopening the judgment, the District Court denied Romero's request. Romero timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a motion for relief from judgment for abuse of discretion, Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008),[1] and exercise plenary review over the District Court's legal conclusions, Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may summarily affirm a judgment of the District Court if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

---

[1] Although Romero did not specify the rule he sought relief under, we agree with the District Court's recharacterization of his request as a motion brought pursuant to Fed. R. Civ. P. 60(b). See Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (stating that "we are free to recharacterize the motion to . . . match the substance of the relief requested").

3

The Western District of Pennsylvania determined that Romero did not state any reasons justifying relief pursuant to Fed. R. Civ. P. 60(b). Only extraordinary circumstances warrant granting Rule 60(b)(6) relief.[2] See Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911 (3d Cir. 1977). Without more, an intervening development in the law rarely establishes extraordinary circumstances for reopening a judgment. See Morris v. Horn, 187 F.3d 333, 341-44 (3d Cir. 1999); Reform Party v. Allegheny Cnty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc).

In his new motion, Romero argued that Alleyne and Peugh show that the sentencing court's reliance on judicial factfinding to set his sentence was improper. In Alleyne, the Supreme Court held that a finding of fact that increases the mandatory minimum sentence for a crime must be "submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2162-63. Notably, Alleyne involved mandatory statutory minimum sentences, not routine calculations under the Sentencing Guidelines of the kind that Romero has repeatedly sought to challenge. See United States v. Romero, 131 F. App'x 491, 492 (7th Cir. 2005); see also Habeas Petition (dkt. #4), 5 (complaining about the sentencing court's factfinding under the Guidelines). Likewise, in Peugh, the Supreme Court held that a "retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an ex post facto violation." 133 S. Ct. at 2084. Romero has not argued that any harsher sentencing guideline was retrospectively applied to him.

---

[2] We note that Romero did not assert any facts pertinent to subsections (b)(1), (2), (3), (4), or (5) of Rule 60. See Fed. R. Civ. P. 60(b)(1)-(5).

Even if Romero were making such arguments, we stress, he would not be able to show the extreme and unexpected hardship necessary for Rule 60(b) relief.  See Budget Blinds, 536 F.3d at 255.  As the Magistrate Judge explained in recommending denial of Romero's § 2241 petition, claims of sentencing error like his are generally not cognizable on § 2241 review.  See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002).  For that matter, we note, no other court of appeals has granted Rule 60(b)(6) relief on the basis of either Peugh or Alleyne.

For substantially the same reasons set forth by the District Court, therefore, we will summarily affirm its order declining to reopen Romero's § 2241 proceedings.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  Romero's motion for appointment of counsel is denied.