# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-3296

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TONY R. MARKOVITCH,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05-CR-59-S—**John C. Shabaz**, *Judge.*

———————

ARGUED FEBRUARY 17, 2006—DECIDED APRIL 3, 2006

———————

Before FLAUM, *Chief Judge,* and KANNE and WOOD, *Circuit Judges.*

FLAUM, *Chief Judge.* On March 2, 2005, police in Madison, Wisconsin arrested Tony Markovitch. At the time of his arrest, Mr. Markovitch was in possession of 5.5 grams of marijuana, 4 grams of cocaine, a small scale, and a handgun. After Markovitch pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the district court determined that he possessed the firearm in connection with another felony offense. As a result, the district court imposed a four-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(5).

Markovitch appeals this enhancement. For the following reasons, we now affirm the judgment of the district court.

## I. Background

On March 2, 2005, Police Officer Cindy Mierow observed the defendant, Tony Markovitch, driving erratically. Officer Mierow attempted to conduct a traffic stop and after several abrupt turns, Markovitch stopped his vehicle. Backup officers arrived at the scene as well.

The officers detected slurred speech and the smell of alcohol on Markovitch's breath. He was asked to exit his vehicle so the officers could perform a field sobriety test. After he exited his vehicle, Markovitch was repeatedly told to keep his hands out of his coat pockets. When he would not comply, officers conducted a patdown search. They discovered a loaded pistol in the waistband of his pants. A further search revealed 5.5 grams of marijuana, 4 grams of cocaine, and a small scale in his coat pockets.

Officer Mierow also observed blood on Markovitch's nose and blood on the car door panel. When she retrieved the gun from his waistband, Markovitch stated, "People are tying to kill me." After his arrest, the police took Markovitch to a hospital where a blood sample was taken. The blood sample indicated a high level of cocaine in his bloodstream.

Markovitch pled guilty to the sole charge of the indictment in this case, 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person-- who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.").

On July 27, 2005, the district court sentenced Markovitch. In accordance with *United States v. Booker*, 543 U.S. 220 (2005), the district court considered the statutory purposes of sentencing contained in 18 U.S.C. § 3553(a) and viewed the sentencing guidelines as advisory. The district court granted a two-level downward departure for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1(a) and a one-level downward departure for having entered a timely guilty plea under § 3E1.1(b). The district court also imposed a four-level enhancement under § 2K2.1(b)(5). This enhancement is applicable when a defendant uses or possesses "any firearm or ammunition in connection with another felony." U.S.S.G. § 2K2.1(b)(5).

After calculating the enhancements and reductions, the district court found a total offense level of 21 and a criminal history category of III, yielding a guideline range of 46-57 months. The district court described its imposition of a 54-month sentence as "necessary to hold this defendant accountable for his serious firearm[ ] offense which will also serve as a deterrent to him and others while taking into account the sentencing factors as set forth in [18 U.S.C. §] 3553."

Markovitch appeals, claiming that the district court erred by imposing the four-level enhancement under Sentencing Guidelines § 2K2.1(b)(5).

## II. Discussion

The sole question before the Court is whether the district court committed clear error in finding Markovitch's possession of a firearm was connected to another felony. *See United States v. Wyatt*, 102 F.3d 241, 246 (7th Cir. 1996) (stating that review of a district court's sentencing enhancement under U.S.S.G. § 2K2.1(b)(5) is a mixed question of fact and law that we review for clear error). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*

*v. City of Bessemer*, 470 U.S. 564, 574 (1985) (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949); *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844 (1982)).

United States Sentencing Guidelines § 2K2.1(b)(5) provides for a four-level enhancement to the sentence of an individual convicted of being a felon in possession of a firearm, if the defendant "used or possessed [the] firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). "The government bore the burden of proving by a preponderance of the evidence that this enhancement was applicable." *Wyatt*, 102 F.3d at 246 (citing *United States v. Foutris*, 996 F.2d 1158, 1160 (7th Cir. 1992)). The firearm's "presence or involvement [with the allegedly connected crime] cannot be the result of accident or coincidence." *Id.* at 247 (quoting *Smith v. United States*, 508 U.S. 223, 228 (1993)).

The Seventh Circuit has concurred with the Ninth Circuit and the First Circuit in defining the nexus required to satisfy § 2K2.1(b)(5).

> [I]n *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994), the Ninth Circuit has determined that the "in connection with" requirement is satisfied where the "firearm was possessed in a manner that permits an inference that it facilitated or potentially facilitated--i.e., had some potential emboldening role in--a defendant's felonious conduct." And, the First Circuit has stated that "the phrase 'in connection with' should be interpreted broadly and . . . where a defendant's possession of a firearm aids or facilitates the commission of another offense, the requisite link is present." *United States v. Thompson*, 32 F.3d 1, 7 (1st Cir. 1994).

*Wyatt*, 102 F.3d at 247.

Markovitch argues that the handgun he possessed did not aid in any other felony. He claims that the cocaine found in his possession was indicative of a high level of consumption (allegedly up to 7 grams per day), but not of trafficking. To

bolster this claim, Markovitch cites his bloody nose as evidence that he was in the midst of a cocaine "binge" at the time of his arrest. While we are mindful of Markovitch's substance abuse problems and the circumstances of his arrest on his twentieth birthday, we cannot make the logical conclusion Markovitch asks us to draw: that his high volume of drug use makes the drug trafficking inference unreasonable.

Even if this Court were to accept Markovitch's interpretation of the evidence as the more likely than the district court's interpretation, such a finding would not be sufficient to demonstrate clear error. When inferences drawn by the district court are "sufficiently supported by the evidence" they cannot be considered "clearly erroneous." *Id.* at 248.

This Court has repeatedly found that handguns are a "'tool[ ] of the trade' in the drug business." *United States v. Turner*, 93 F.3d 276, 289 (7th Cir. 1996) (citing *United States v. Armond*, 920 F.2d 480, 482-83 (7th Cir. 1990)). "The seizure of a firearm in close proximity to illegal drugs is considered powerful support for the inference that the firearm was used in connection with the drug trafficking operation." *United States v. Ewing*, 979 F.2d 1234, 1238 (7th Cir. 1992) (citing *United States v. Nunez*, 958 F.2d 196, 200 (7th Cir. 1992); *United States v. Franklin*, 896 F.2d 1063, 1065-66 (7th Cir. 1990)).

When the police arrested Markovitch, he was in possession of several items indicative of drug trafficking: a large quantity of cocaine, a handgun, and a scale.[1] In addition to the physical evidence in Markovitch's possession, his recent

---

[1] Although Markovitch abandons the argument before this Court, before the district court Markovitch argued that buyers use scales to check the weight of their purchases. While this may be true, it would not be clear error to find that this scale was used as a tool to sell drugs, not buy.

conviction in February 2005 for possession with intent to deliver THC lends further support to the inference that he intended to distribute the drugs he was carrying.[2] The district court made a reasonable inference that the handgun in Markovitch's waistband was connected to the drugs and scale in his pockets and applied the appropriate sentencing enhancement.

### III.  Conclusion

For the above stated reasons, we AFFIRM the judgment of the district court.

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[2]  We need not address the government's argument that we may affirm the district court's enhancement based upon the alternative theory that Markovitch's possession of marijuana is an additional felony offense, upon which the § 2K2.1(b)(5) enhancement may be based.