NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2009
Decided August 12, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3761

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 CR 441-1 |
| CURTIS SMITH, | |
| *Defendant-Appellant*. | William J. Hibbler, *Judge*. |

**O R D E R**

A jury found Curtis Smith guilty of possessing a gun as a felon, 18 U.S.C. § 922(g)(1), and of possessing drugs with intent to distribute, 21 U.S.C. § 841(a)(1), but acquitted him of possessing the gun in furtherance of the drug crime, 18 U.S.C. § 924(c)(1). The district court sentenced him as an Armed Career Criminal, *id.* § 924(e); U.S.S.G. § 4B1.4, and imposed a sentence of 262 months' imprisonment, the bottom of the guidelines range. Smith argues that the sentencing court erroneously found that the gun he possessed was connected to the drug offense and, therefore, improperly elevated his offense level and criminal history

category.  We affirm the judgment but order a limited remand to correct clerical errors in the written judgment.

At trial one of the arresting officers testified that while on patrol with his partner, an informant flagged him down and told him that someone named Curt was selling drugs from his van by phone order.  At the officer's direction, the informant called Curt to arrange a drug sale, but, as the officer and informant were nearing the van, the officer saw a woman approach it and exchange money for a small object.  Suspecting that he had witnessed a drug sale, he sent the informant away, motioned for his partner to approach the van and its occupants, and caught up to the woman, who was carrying a small packet of what the officer suspected was heroin.

The other arresting officer testified that as he approached the van, he saw the driver reach into his lap then stuff a white object behind the seat.  When the officer later looked behind the seat, he found a white hand towel wrapped around both a gun and 16 baggies of suspected drugs.  He testified that the gun was an unloaded .22 caliber two-shot pistol that was "pretty beat up," but he did not recall whether the gun was rusty.  The officer arrested the driver and identified him as Smith, but released the van's passengers after a search and a warrant check revealed nothing.

The officer further testified that at the police station, Smith told him that he had found the gun while tearing down walls of a house that was being rehabbed and that he was carrying the gun to have it appraised.  Smith also told him that he sold drugs to support his heroin habit.

The government did not produce the gun for trial.  The Chicago police officer who oversees gun evidence testified that he inventoried the gun recovered from Smith, but after the state chose not to prosecute the gun-possession crime, he destroyed the gun without first checking to see whether there were any federal charges pending.  The government also called a gun expert who testified that he determined from the gun's serial number that it had been produced in Connecticut in 1975.

Smith was the only defense witness.  He denied selling drugs, denied that he possessed the gun, and denied using heroin.  He testified that his passenger, Steve Sanford, found and kept the gun while he helped Smith tear down the wall.  Smith described the gun as being "rusted all over"; the trigger was rusted and the trigger guard was rusted off.  Smith also explained that he did not sell any drugs to the woman whom the police arrested; rather he had given her a ride.  When the police saw her get out of his van, Smith asserted they recognized her as a known prostitute and ran Smith's plates, thereby learning he was a registered sex offender.  Then they stopped the van and searched the occupants.  According to Smith, the officers found drugs on Sanford, who started crying because he had already been to jail three times for drugs and did not want to go to prison.  Smith also testified that the officers searched the passenger compartment of the van, but found nothing.  At that point, he said, Sanford (in exchange for being released) directed the officers to his own tool bag containing the gun and the drugs and said that they belonged to Smith.  Smith testified

that Sanford, who died before trial, had signed a written confession, which Smith locked in a safe, but that he had lost the combination since being in jail and did not know where the safe was.

The jury found Smith guilty of the drug offense and gun possession but acquitted him of possessing the gun in furtherance of drug trafficking. Smith filed a motion for a new trial, which the court denied.

The probation officer determined in the Presentence Investigation Report ("PSR") that Smith qualified as an Armed Career Criminal, *see* 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4, and, because she concluded that for purposes of sentencing Smith possessed the gun in connection with a drug offense, she recommended an increased offense level of 34 and criminal history category VI, *see* U.S.S.G. § 4B1.4. The night before the sentencing hearing, Smith filed an objection to the finding that he possessed the gun in connection with the drug offense because the jury acquitted him of possessing the gun in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c). The district court rejected Smith's objection, noting that the jury's verdict was not inconsistent with a finding that Smith possessed the gun in connection with the drug sale because the relevant considerations for each were different. The court adopted the PSR's recommended imprisonment range of 262-327 months, and sentenced Smith to 262 months.

On appeal Smith presents a slightly different challenge to the guidelines calculation: he argues that there was insufficient evidence for the district court to conclude that he possessed the gun in connection with the drug offense, and therefore the court erred by increasing his offense level and criminal history category on that basis. He asserts that the record does not reflect whether the gun was in his lap while he was conducting his sales or whether the gun was already in the towel behind the seat, waiting to be appraised. He contends that if he was transporting the gun to sell it, his possession was unrelated to his drug sales, and so the district court clearly erred in applying the greater offense level and criminal history category.

We review the district court's interpretation of the guidelines de novo and findings of fact for clear error. *United States v. Hill*, 563 F.3d 572, 577 (7th Cir. 2009). In his brief, Smith cites *United States v. Grimm*, 170 F.3d 760 (7th Cir. 1999), for the proposition that in applying the gun-related increase in the Armed Career Criminal guideline, § 4B1.4, after the government proves that a weapon was near the drugs, the burden shifts to the defendant to demonstrate that it was clearly improbable that the two were connected. But *Grimm* applies to gun enhancements under § 2D1.1, not § 4B1.4. *See United States v. Haynes*, 179 F.3d 1045, 1047 (7th Cir. 1999) (holding that phrase "in connection with" in § 4B1.4 should be interpreted the same as in § 2K2.1(b)(5) (now § 2K2.1(b)(6)); *United States v. Wyatt*, 102 F.3d 241, 248 n.10 (acknowledging difference between § 2K2.1 and § 2D1.1); *United States v. Goodman*, 519 F.3d 310, 321 (6th Cir. 2008) (contrasting language in § 4B1.4 with language in § 2D1.1 and concluding that each presents different standards). *But see United States v. Guerrero*, 5 F.3d 868, 872-72 (5th Cir. 1993) (holding that standard in § 2D1.1 applies to

§ 4B1.4).  For purposes of § 4B1.4, a defendant possesses a gun in connection with a drug offense "if the weapon facilitated or served some purpose to the felonious conduct," *Haynes*, 179 F.3d at 1047 (citation omitted), regardless of any jury findings on whether the gun furthered the drug-trafficking offense, *see United States v. Watts*, 519 U.S. 148, 157 (1997); *United States v. Thomas*, 294 F.3d 899, 905 (7th Cir. 2002).  Such a connection is usually warranted when the gun is "found in close proximity to drugs" because the presence of the gun may help the dealer complete sales or provide protection.  U.S.S.G. § 2K2.1 Application Note 14(A), (B); *United States v. Markovitch*, 442 F.3d 1029, 1032-33 (7th Cir. 2006); *see also Haynes*, 179 F.3d at 1047 (applying cases interpreting § 2K2.1 to cases applying § 4B1.4).

Although Smith now contends that the gun was not connected to the drugs because he had the gun only to sell it, the evidence supports the district court's finding that they were connected.  The only evidence in favor of Smith's new theory was the arresting officer's testimony about Smith's post-arrest statements.  But at trial Smith denied making those statements and testified that the gun was not his and that it was so old and rusty that he would not even want it.  The district court, though, relied on the arresting officer's testimony that, right after Smith had possibly sold drugs, the officer saw him reach into his lap and then place a white object behind the seat.  The officer later recovered a white towel from behind the seat that contained a gun and heroin packaged to be sold.  From this testimony, the district court reasonably inferred that the gun was connected to the drug sale, and it did not err by failing, unprompted, to credit Smith's post-arrest statements over the strong inferences drawn from the proximity of the gun to the drugs.

Even though the district court did not err in computing the sentence, a limited remand is necessary under Federal Rule of Criminal Procedure 36 to correct some errors in the judgment.  *See United States v. Bonner*, 522 F.3d 804, 808-09 (7th Cir. 2008).  First, the judgment should reflect that Smith was convicted pursuant to a jury verdict rather than a guilty plea and that he was acquitted of count three.  Second, the PSR states (and the government represented at sentencing) that the drug count had a 40-year statutory maximum, but at oral argument the government conceded that it was actually 20 years.  *See* 21 U.S.C. § 841(b)(1)(C).  The sentence of 262 months' imprisonment on count two, therefore, exceeds the statutory maximum (but is still permissible on count one, which carries a maximum of life imprisonment, 18 U.S.C. §§ 922(g)(1), 924(e)(1)).  *See United States v. Spells*, 537 F.3d 743, 754 (7th Cir. 2008).  Finally, the written statement of reasons mistakenly says both that a mandatory minimum sentence was imposed and also that no count carries a mandatory minimum.  This should be corrected to reflect that count one has a mandatory minimum (which was imposed).  *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1).

Accordingly, the judgment of the district court is AFFIRMED, except to the extent mentioned above, and we order a limited REMAND for the district court to correct the errors we have identified.