In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-1468

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

AMONO WASHINGTON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:12-CR-30103-001-WDS — **William D. Stiehl**, *Judge*.

ARGUED DECEMBER 17, 2013 — DECIDED JANUARY 17, 2014

Before FLAUM, SYKES, and TINDER, *Circuit Judges*.

SYKES, *Circuit Judge*. Amono Washington pleaded guilty to attempting to possess cocaine with intent to distribute and was sentenced to a term of 97 months in prison. In imposing that sentence, the judge said only that he had "considered all the factors of 18 U.S.C. § 3553(a)" and that the crime was "serious." Although the case is straightforward and the sentence is within

the sentencing guidelines range, this truncated explanation for the 97-month term is insufficient. Accordingly, we vacate the sentence and remand for resentencing.

## I. Background

In March 2010 DEA agents arrested Washington at the home of a suspected drug dealer they had been investigating. The agents seized approximately 1.765 kilograms of cocaine from the residence. Washington admitted that he was attempting to purchase that cocaine.

Washington was indicted on a single count of attempting to possess cocaine with intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1), and pleaded guilty as charged. At sentencing the district court calculated a sentencing guidelines range of 97 to 121 months' imprisonment and sentenced Washington to 97 months, the bottom of that range. To explain the sentence, the judge said only that he had "considered all the factors of 18 U.S.C. § 3553(a)" and noted that Washington had been "involved in a serious crime, a serious crime in the sense of what it is doing to so many people in our society, not only the dealing of the drugs, but also the using of them." The court also imposed a $500 fine. The presentence report stated that Washington did not have the financial ability to pay a fine immediately, but concluded that he would be able to pay a fine at a later date through the Inmate Financial Responsibility Program or while on supervised release.

## II. Discussion

On appeal Washington challenges only his sentence, arguing that the district court inadequately explained its choice of a 97-month term of incarceration and a $500 fine. With regard to the term of imprisonment, the district court need not have addressed all of the § 3553(a) factors "in checklist fashion," *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008), but it was required to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," *Gall v. United States*, 552 U.S. 38, 50 (2007). And because the judge imposed a sentence within a guidelines range exceeding 24 months, he was further obligated to state "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1); *see United States v. Lyons*, 733 F.3d 777, 785–86 (7th Cir. 2013).

The district court did not meaningfully explain why 97 months was an appropriate sentence for Washington. The court's summary assertion that it had "considered all the factors of 18 U.S.C. § 3553(a)" is procedurally insufficient. *See, e.g.*, *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). And the court's reference to the seriousness of drug crimes in general did nothing to explain why, in the context of Washington's particular offense, the court settled on a sentence of 97 months. True, the judge expressed hope that, while incarcerated, Washington would take advantage of rehabilitation programs, but rehabilitative programming is an inappropriate basis for imposing a prison sentence. *See* 18 U.S.C. § 3582(a); *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011). And, in any event, the court does not appear to have relied on

the availability of rehabilitation to justify Washington's term of incarceration.

In short, the court's terse remarks do not reflect "an individualized assessment based on the facts presented," *Gall*, 552 U.S. at 50; the record is simply too thin for meaningful review, *cf. Lyons*, 733 F.3d at 784–86; *United States v. Garcia-Oliveros*, 639 F.3d 380, 381–82 (7th Cir. 2011).

The government emphasizes that this court requires less explanation from district courts imposing within-guidelines sentences, *see United States v. Curby*, 595 F.3d 794, 797 (7th Cir. 2010); *United States v. Harris*, 567 F.3d 846, 854 (7th Cir. 2009), and that all of Washington's arguments in mitigation were routine and therefore appropriately passed over in silence, *see United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010). Washington concedes that his arguments in mitigation—that he wished to be a presence in the lives of his two children, had been involved in a drug-treatment program between the time of his arrest and plea hearing, and could make "meaningful contributions" to his family and community in the future—did not necessarily require specific responses from the district court. *See, e.g., United States v. Chapman*, 694 F.3d 908, 916 (7th Cir. 2012); *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008). But he argues that the district court was required to provide *some* explanation for the sentence imposed beyond a rote and summary invocation of the § 3553(a) factors.

We agree. Our concern here is that even when faced with only stock arguments, the district court may not presume that a within-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 351 (2007), and must provide an

"independent justification" in accordance with the § 3553(a) factors for the term of imprisonment imposed, *Lyons*, 733 F.3d at 785–86; *see Garcia-Oliveros*, 639 F.3d at 382. The district court did not provide this justification. Thus, expressing no view as to what a substantively reasonable sentence might be in this case, we must remand for resentencing.

Before closing, we note that Washington's challenge to the $500 fine—substantially less than the $15,000 minimum recommended by the guidelines, *see* U.S.S.G. § 5E1.2(c)(3)—is unavailing. District judges are not required by U.S.S.G. § 5E1.2(a) or 18 U.S.C. § 3572(a) to make express findings when imposing a fine unless the fine imposed is inconsistent with the presentence report. *See United States v. Artley*, 489 F.3d 813, 826 (7th Cir. 2007); *United States v. Bauer*, 129 F.3d 962, 964–66 (7th Cir. 1997). And the district court's decision in this case to impose a substantially-below-guidelines fine of $500 was not inconsistent with the presentence report's recommendation that although Washington does not have the financial ability to pay a fine immediately, he could pay a fine as part of the Inmate Financial Responsibility Program or while serving his term of supervised release. *See United States v. Riley*, 493 F.3d 803, 810–11 (7th Cir. 2007); *United States v. Isienyi*, 207 F.3d 390, 393–94 (7th Cir. 2000).

For the foregoing reasons, we VACATE Washington's sentence and REMAND for resentencing.