NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2016
Decided March 21, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3657

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 15-CR-30105-MJR |
| MARIO B. TAYLOR, <br> *Defendant-Appellant*. | Michael J. Reagan, <br> *Chief Judge*. |

## O R D E R

Following a domestic disturbance, Mario Taylor was charged with one count of possessing a firearm as a felon. *See* 18 U.S.C. § 922(g). He pleaded guilty, and the district court sentenced him to 117 months' imprisonment followed by 3 years' supervised release. Taylor filed a notice of appeal, but the lawyer appointed to represent him has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Taylor has not responded to our invitation to comment on counsel's motion and brief. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the

subjects discussed by counsel. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Taylor pleaded guilty without a plea agreement and was unable to agree with the government on a version of relevant facts. In the government's view Taylor had been recalcitrant in discussing or negotiating its proposed stipulation of facts, and it therefore refused to move for an additional one-level reduction to Taylor's offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b). The probation office prepared a presentence report and calculated a guidelines range of 121 to 151 months (based on an offense level of 30 and a criminal history category of III), capped by a statutory maximum of 120 months. *See* 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(a).

Taylor objected in writing to the government's decision, as recited in the PSR, to withhold a third-level reduction under U.S.S.G. § 3E1.1(b). He cited commentary to the guideline that discourages the government from withholding the reduction based on interests not identified in § 3E1.1. Whether or not a defendant "refuses to negotiate" is not a factor listed in § 3E1.1, Taylor argued, and additional commentary clarifies, that a defendant need not agree to more conduct than necessary to support the crime of conviction in order to receive the initial two-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1, cmt. nn.1(A), 6. At the sentencing hearing Taylor renewed his objection, stressing that penalizing a defendant for refusing to accept the government's proposed facts would chill plea negotiations and that he had pleaded guilty quickly, thereby relieving the government of the need to expend resources to prepare for trial.

The district judge denied Taylor's request to order the government to move for a third-level reduction under § 3E1.1(b). The judge observed that the U.S. Attorney's Office in the Southern District of Illinois did not have a history or pattern of withholding the third-level reduction and added that he would factor Taylor's guilty plea into his consideration of the sentencing factors under 18 U.S.C. § 3553(a). The judge decided upon a 117-month sentence, below the 120-month cap, because Taylor pleaded guilty "in a timely fashion" and "should get some consideration for that." At the end of the hearing, the judge was asked if he would have imposed the same sentence had the third-level reduction been included. The judge responded, "Yes. Quite frankly, I gave him the point you didn't but added some time because of the egregious nature of the history and this offense, so it would not have changed."

In his *Anders* brief counsel tells us that Taylor does not wish to challenge his guilty plea and thus appropriately forgoes discussing the voluntariness of the plea or the

adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Taylor could challenge the calculation of his guidelines range and proceeds to identify—and reject as frivolous—a potential claim that the district court erred by failing to order the government to move for a third-level reduction for acceptance of responsibility. But even if Taylor could show that the government impermissibly withheld the third-level reduction and that the court erred in refusing to order a motion for reduction, any error would be harmless. The court expressly stated that it would have imposed the same sentence with the three-level reduction. When a guidelines range is miscalculated, we have found harmless error where the sentencing court has unequivocally stated—as it did here—that it would have imposed the same sentence under a correct calculation of the guidelines. *See United States v. Sanchez*, 810 F.3d 494, 497 (7th Cir. 2016); *United States v. Hines-Flagg*, 789 F.3d 751, 757 (7th Cir. 2015).

Counsel next considers two potential procedural challenges to the district court's explanation of the sentence imposed. First, he considers whether Taylor could argue that the court failed to address all of his principal arguments in mitigation because the court did not discuss the environment Taylor grew up in. Although the district court did not explicitly address the effect Taylor's environment had on him, it implicitly acknowledged his argument by discussing how dangerous the neighborhood was and concluding that his behavior contributed to the problem. *See United States v. Davis*, 764 F.3d 690, 694 (7th Cir. 2014); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). Second, counsel considers an argument that the district court did not adequately explain the sentence. But the court justified its 117-month sentence with regard to the § 3553 sentencing factors: the court referred to Taylor's extensive criminal history, including repeated incidents of violence against women, as well as the failure of previous sentences to deter Taylor from further criminal activity. Any argument that the court did not explain "the reason for imposing a sentence at a particular point" would be frivolous. *See United States v. Washington*, 739 F.3d 1080, 1081 (7th Cir. 2014) (internal citations and quotation marks omitted).

Finally, counsel properly rejects as frivolous a potential challenge to the substantive reasonableness of Taylor's sentence, which was below the calculated guidelines range. Even if Taylor had received a third-level reduction for acceptance of responsibility, his guidelines range would have been 108 to 135 months' imprisonment, capped by the 120-month statutory maximum; 117 months then would be within the

guidelines range. Under either formulation, the sentence would be presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011). Counsel has not identified a reason to disturb the presumption, nor can we. As discussed above, the district court considered the relevant sentencing factors. In particular, the court found that Taylor's criminal history was underrepresented because many of Taylor's convictions did not receive criminal history points, *see* 18 U.S.C. § 3553(a)(1); U.S.S.G. § 4A1.3(a), and that a significant sentence was needed in order to deter Taylor from committing future crimes, *see* 18 U.S.C. § 3553(a)(2)(B). But the court also acknowledged that Taylor had pleaded guilty promptly and deserved some benefit for doing so.

We conclude by observing that the standard conditions of supervised release imposed by the district court include some that we have criticized. *See United States v. Wheeler*, No. 15-2785, 2016 WL 762124, at *2 (7th Cir. Feb. 26, 2016) (condition barring defendant from leaving judicial district); *United States v. Henry*, No. 14-3810, 2016 WL 629992, at *2 (7th Cir. Feb. 17, 2016) (condition allowing probation officer to visit at defendant's home "or elsewhere"); *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015) (condition that defendant notify probation officer of any change in residence or employment). But counsel has not identified a potential argument related to these conditions and Taylor did not respond to the *Anders* brief, so we have no reason to believe that he wishes to challenge them. *See United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). If Taylor later finds the conditions problematic in application, he can seek modification to the extent authorized by 18 U.S.C. § 3583(e)(2). *See United States v. Neal*, 810 F.3d 512, 516–20 (7th Cir. 2016).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.