**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2017
Decided October 18, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-3399

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:15 cr 50021-1 |
| SEBASTIAN PATTERSON, *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

Sebastian Patterson, who pleaded guilty to possessing a firearm as a felon, appeals the district court's decision to include in his sentence a $200 fine that was below the applicable Guidelines range. Patterson argues that the fine should be vacated because the district court did not justify it with reference to 18 U.S.C. § 3572 or U.S.S.G. § 5E1.2(d). We conclude, however, that the district court's rationale was adequate and affirm the judgment.

Police officers stopped Sebastian Patterson for a traffic violation and then arrested him after they spotted a pistol next to his seat and detected the smell of cannabis.

Patterson pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(e).

A probation officer calculated a Guidelines-range fine of $12,500 to $125,000, *see* U.S.S.G. § 5E1.2(c)(3), and recommended that the court impose a fine below this range. The probation officer based this recommendation on Patterson's negative net worth. Noting that Patterson faced a term of imprisonment, the probation officer proposed that Patterson could make a limited contribution toward a fine by voluntarily participating in the Federal Bureau of Prisons' Inmate Financial Responsibility Program. The probation officer referred to 18 U.S.C. § 3572(a)(6) and U.S.S.G. § 5E1.2(d)(7), the relevant statutory and Guidelines provisions that concern the imposition of a fine, and estimated the cost to the government to incarcerate and supervise the defendant. Patterson objected to aspects of the presentence report unrelated to the fine recommendation.

The district court adopted the facts from the presentence report, sentenced Patterson to 120 months in prison (the high-end of the Guidelines range) followed by 3 years of supervised release, and ordered Patterson to pay a fine of $200. The court said it "impose[d] a fine substantially below the guideline level because of inability to pay, but [Patterson] can work while he's in the Bureau of Prisons." Then, before concluding the hearing, the court asked if it had not addressed any of defense counsel's "sentencing arguments," and counsel replied no.

On appeal Patterson contends that the district court erred by failing to explain his reason for imposing the $200 fine. In Patterson's view, the district court adopted a presentence report that neither recommended a fine nor analyzed his financial situation, and the court failed to make any specific findings regarding the factors in 18 U.S.C. § 3572(a) or U.S.S.G. § 5E1.2(d) that support imposing the $200 fine or any fine at all.

The government counters that Patterson waived this issue at the sentencing hearing by assuring the court, in response to the court's questioning, that it had not missed any of his sentencing arguments. We decline, however, to treat counsel's statement as a waiver of his argument about the adequacy of the sentencing judge's explanation. There cannot be such a waiver when, as here, the district court does not specifically ask defense counsel whether further elaboration was required. *See United States v. Reed*, 859 F.3d 468, 473 (7th Cir. 2017); *United States v. Donelli*, 747 F.3d 936, 940 (7th Cir 2014).

This determination does not salvage Patterson's argument, however, because the court sufficiently justified the fine that it imposed. A district court need not make express findings under § 3572 or U.S.S.G. § 5E1.2(a) when it adopts a presentence report that contains information relating to the factors set forth in § 3572 and imposes a fine consistent with the report. *United States v. McLaughlin*, 760 F.3d 699, 706 (7th Cir. 2014); *United States v. Washington*, 739 F.3d 1080, 1082 (7th Cir. 2014); *United States v. Bauer*, 129 F.3d 962, 966 (7th Cir. 1997). The judge's decision in this case to impose a $200 fine was consistent with the presentence report's recommendation that Patterson receive a below-Guidelines fine that he could pay through participation in the Inmate Financial Responsibility Program. Moreover, the presentence report contained information related to relevant statutory factors such as Patterson's net worth and earning capacity, *see* § 3752(a)(1), his dependents, *see* § 3752(a)(2), the lack of loss and inapplicability of restitution, *see* § 3752(a)(3–5), and the costs to the government of imprisonment and supervised release, *see* § 3752(a)(6). The district court's basis for its fine can be inferred by its decision to adopt the presentence report's facts and impose its recommended sentence.

Patterson also challenges the district court's conclusion that he could afford to pay a fine based on income he would save through the Inmate Financial Responsibility Program. But Patterson bore the burden of proving that he was not likely to be able to afford the $200 fine. *See United States v. Artley*, 489 F.3d 813, 826 (7th Cir. 2007). Patterson did not object to the district court's adoption of the uncontested finding in the presentence report that he could not now afford to pay a fine but later could contribute toward a fine in a limited way through his participation in the Inmate Financial Responsibility Program. Under the circumstances, the court's imposition of a limited fine was not plain error. *See Washington*, 739 F.3d at 1082; *United States v. Riley*, 493 F.3d 803, 811 (7th Cir. 2007); *United States v. Isienyi,* 207 F.3d 390, 393–94 (7th Cir. 2000).

We have considered Patterson's remaining arguments and conclude that they lack merit.

AFFIRMED.