NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2018
Decided July 23, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-3560

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:17-cr-30109-DRH-1 |
| KENNETH TAYLOR, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

After the police seized an assault rifle from Kenneth Taylor's car and a bullet from his home, Taylor pleaded guilty to being a felon in possession of a firearm and ammunition (two distinct crimes). *See* 18 U.S.C. § 922(g)(1). The district judge sentenced him to two concurrent terms of 78 months in prison (the upper end of the Guidelines range) and three years of supervised release and fined him $500. Taylor filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Taylor filed a response opposing counsel's motion. *See* CIR. R. 51(b). Counsel's submission explains the nature of the case and thoroughly addresses potential issues that an appeal of this kind might be expected

to involve, so we limit our review to the subjects that he and Taylor discuss. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel tells us that "[Taylor] does not wish to withdraw his guilty plea" and declines to discuss any potential error related to the plea. But counsel was required to advise his client about the risks and benefits of challenging the plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), and he does not say if he did. Still, we may evaluate the *Anders* submission if we believe that challenging the plea would be frivolous. *See id*. Here, the district judge adhered to Rule 11 of the Federal Rules of Criminal Procedure when accepting the plea. The judge confirmed, for example, that Taylor understood the nature of the charge, the possible penalties, the role of the Sentencing Guidelines, and the rights that he would have at trial. FED. R. CRIM. P. 11(b). The judge also determined that Taylor's plea was voluntary and supported by an adequate factual basis. *See id.* A challenge to the plea would be unsuccessful.

Counsel then considers whether the district court applied the correct base offense level and enhancements when calculating the Guidelines range. Because he did not object to the calculation offered in the presentence investigation report (which the district court adopted), we would review it for plain error. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). But a plain-error challenge here would be pointless. Because Taylor stipulated that the assault rifle underlying his § 922(g) conviction qualified as a semiautomatic firearm with the capacity to hold 30 rounds of ammunition, the judge appropriately set his base offense level at 20. *See* U.S.S.G. §§ 2K2.1(a)(4) & cmt. 2. In addition, the judge then rightly applied a two-level increase for obstruction of justice because Taylor offered to pay someone to remove the firearm from his car before the police found it, and an attempt to obstruct justice triggers the application of that adjustment. *See* U.S.S.G. § 3C1.1, cmt. 4(D); *United States v. Ranjel*, 872 F.3d 815, 820 (7th Cir. 2017).

Taylor maintains that the judge improperly double-counted his prior sentences when he assigned him three criminal history points for unlawful possession of a stolen vehicle and another three points for theft over $300. Indeed, because Taylor was sentenced for both of these prior offenses at the same time, they should have been treated as a single sentence. *See* U.S.S.G. § 4A1.2(a)(2)(B). But even if the judge plainly erred in assigning six points instead of three, Taylor's criminal history score would have added up to 23—well above the 13 points required for category VI, the highest criminal offense category, *see* U.S.S.G. ch. 5 pt. A. It would be frivolous to argue that the error affected his Guidelines range.

Counsel also correctly decides not to challenge the sentence as substantively unreasonable. Taylor's 78-month sentence is within the Guidelines range (63 to 78 months' imprisonment, *see* U.S.S.G. ch. 5 pt. A), and so we may presume it to be reasonable." *See United States v. Sunmola*, 887 F.3d 830, 841 (7th Cir. 2018). The judge explained the sentence with reference to the factors set forth in 18 U.S.C. § 3553(a). He noted the seriousness of the crime (Taylor's conduct was "certainly a serious offense,") and his history and characteristics (Taylor "just hasn't stopped" committing crimes; he is "a dangerous person" who "has no respect for authority, no willingness to follow the law, [and] no willingness to let others live peaceably around him"). Despite "ample reason" to impose an above-Guidelines sentence, the judge declined to do so because Taylor quickly accepted responsibility and has an antisocial personality disorder. Taylor adds in his Rule 51(b) response that he should have received a mental-health evaluation before sentencing. But neither Taylor nor defense counsel asked the district court for one, and Taylor does not explain how an evaluation would have resulted in a lower sentence, given that the court already considered his mental health a mitigating factor.

Last, counsel considers challenging the $500 fine on the basis that Taylor already owed $50,000 in restitution from a previous criminal case and lacked the resources to make an immediate payment. But the statutory factors, *see* 18 U.S.C. § 3572, were addressed in the presentence report, and Taylor raised no objection to the report's conclusion that he could make limited payments toward a fine through the Inmate Financial Responsibility Program and contribute up to $25 per month with expected earnings from work while on supervised release. And the Guidelines recommended a markedly greater fine in the range of $10,000 to $100,000. *See* U.S.S.G. § 5E1.2(c)(3); *United States v. McLaughlin*, 760 F.3d 699, 706 (7th Cir. 2014); *United States v. Washington*, 739 F.3d 1080, 1082 (7th Cir. 2014). Thus any challenge based on the imposition of the fine would be unavailing.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.