NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2019
Decided April 3, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2984

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 17-CR-30138-MJR |
| | |
| TYLER BURNETT, | Michael J. Reagan, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Tyler Burnett pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and the district court imposed a sentence of 46 month in prison, three years' supervised release, a $500 fine, and a $100 special assessment. Burnett filed a notice of appeal, but his attorney asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Burnett did not respond to counsel's submission, s*ee* CIR. R. 51(b), which explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. In his brief, counsel states that he spoke with Burnett and confirmed that Burnett does not wish to withdraw his guilty plea; so counsel properly omits any discussion of the adequacy of the plea colloquy and the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Because his brief appears thorough,

we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first explores whether Burnett could argue that the district court erred in overruling his objections to the Presentence Investigation Report, but rightly concludes that doing so would be pointless. The district court correctly rejected Burnett's argument that three of his convictions should be counted as one for criminal-history purposes. Even though the sentences were imposed on the same day, each offense was separated by an intervening arrest; under the Sentencing Guidelines, prior sentences for offenses of this sort "always are counted separately." U.S.S.G. § 4A1.2(a)(2).

Next, counsel correctly determines that Burnett could not reasonably argue that the district court clearly erred when it increased his offense level by four levels for possessing a weapon in connection with another felony. *See* U.S.S.G. § 2K2.1(b)(6)(B); *United States v. Caldwell*, 423 F.3d 754, 761–62 (7th Cir. 2005) (clear-error review of district court's decision to apply § 2K1.2 enhancement). A pre-arrest search of Burnett and his car uncovered a gun, 1.7 grams of cocaine, and other items. Because of the cocaine's proximity to the gun and Burnett's statements, the court reasonably found that Burnett possessed the gun in order to further another felony offense, "in particular, the possession of cocaine" that he intended to distribute. Burnett swore "multiple times" that the cocaine "was not for his personal use," and, as the court observed, "he doesn't use cocaine, yet he had it in his possession." The court thus reasonably concluded that Burnett "was going to transfer and distribute it." As we have noted, "[t]he seizure of a firearm in close proximity to illegal drugs is considered powerful support for the inference that the firearm was used in connection with the drug trafficking operation." *United States v. Markovitch*, 442 F.3d 1029, 1032 (7th Cir. 2006) (quoting *United States v. Ewing*, 979 F.2d 1234, 1238 (7th Cir. 1992)). Therefore based on the record, we agree with counsel that Burnett could not reasonably argue that the evidence creates a "definite and firm conviction" that the enhancement was misapplied. *United States v. Caldwell*, 423 F.3d 754, 762 (7th Cir. 2005) (citation omitted).

Counsel also considers whether Burnett could argue that the district court erred by failing to discuss at sentencing two of counsel's arguments in mitigation: Burnett's age at the time of his past offenses and the fact that he obeyed the law for three years after drug treatment before relapsing. But counsel rightly concludes that Burnett waived any such challenge because, after imposing the sentence, the court asked if the parties wanted further explanation of the sentencing factors, and defense counsel expressly declined. *See United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013).

Next, counsel correctly recognizes that any challenge to the substantive reasonableness of Burnett's sentence would be frivolous. Burnett's 46-month prison sentence is at the bottom of the guidelines range—which, as we just explained, was properly calculated—so we would presume it to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347–51 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And, like counsel, we see nothing in the record that would enable Burnett to overcome that presumption. *See United States v. Cunningham*, 883 F.3d 690, 701–02 (7th Cir. 2018).

Burnett also could not raise any non-frivolous arguments regarding the other aspects of his sentence. He waived his right to challenge the conditions of his supervised release because he confirmed (in writing before sentencing and again through counsel at the hearing) that he did not object to the proposed terms. *See United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016). And the district court's decision to impose a $500 fine—a marked and favorable variation from the guidelines' recommended $10,000 minimum, *see* U.S.S.G. § 5E1.2(c)(3)—is not inconsistent with the Presentence Investigation Report's conclusion that Burnett could pay at least $50 a month toward a fine while under supervision. *See United States v. Washington*, 739 F.3d 1080, 1082 (7th Cir. 2014). So challenging it would be frivolous. *See id*.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.