NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 16, 2014
Decided December 29, 2014

*By the Court*:

No. 14-2312

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 CR 904-6 |
| ROGER ELAM,<br>    *Defendant-Appellant*. | Virginia M. Kendall,<br>*Judge*. |

## O R D E R

Appellant Roger Elam moves to waive oral argument in his appeal scheduled for January 7, 2015, and to remand for resentencing. The government does not object, and we grant the motion.

Roger Elam was indicted for his participation in a counterfeit-check scheme and pleaded guilty to one count of bank fraud. His advisory sentencing range was 33 to 41 months. Mr. Elam asked for a sentence of no more than 24 months and the government requested a sentence within the guidelines range. At the sentencing hearing the district court discussed at length Mr. Elam's need for drug treatment and sentenced him to 33 months.

Mr. Elam appealed and raised only one issue in his brief: that his sentence should be vacated because it was entered in violation of the holding in *Tapia v. United States*, —— U.S. ——, 131 S.Ct. 2382, 2393, 180 L.Ed.2d 357 (2011). In *Tapia*, the Supreme Court held that "a court may not impose or lengthen a prison sentence to enable an offender to

complete a treatment program or otherwise to promote rehabilitation." 131 S.Ct. at 2393. The Supreme Court explained that a sentencing court can discuss the opportunities for rehabilitation within prison and may urge the Bureau of Prisons to place an offender in a treatment program, but a court cannot select the length of the sentence to ensure that a defendant can complete a program. *Id.* at 2392-93.

Mr. Elam argues that the district court used his need for drug rehabilitation as the sole reason for imposing a sentence of 33 months. In his brief, he points to specific statements by the district court at sentencing. Most relevant, the district court said, "[T]he appropriate sentence for you is one that is going to get you over this addiction and get you back into a lifestyle that is going to eliminate some 25 years of addiction and criminality based upon addiction." Sentencing Tr. 23. It added, "You need to be in the residential treatment program. And it's a 24-month program. . . . And it is not one that you're going to get to immediately, and it's one that you need, and I'm sentencing you to the 33 months." Tr. 23-24. The district court later said that its "number one priority" was to get Mr. Elam into a facility with a residential drug treatment program. Tr. 24.

The government does not concede in its brief that drug treatment was the *sole* reason for the district court's sentence, but does concede that the record is not clear concerning whether the district court improperly relied upon Mr. Elam's need for rehabilitative drug treatment in determining the length of his sentence. Accordingly, the government says Mr. Elam should be resentenced to eliminate any question concerning the district court's intentions.

Mr. Elam asks the court to waive oral argument in this appeal because there are no longer any disputed issues on appeal and oral argument is not necessary. A panel of three judges can agree that oral argument is unnecessary because an appeal is frivolous, the dispositive issues have been decided, or the facts and argument are adequately presented in the briefs in record. *See* FED. R. APP. P. 34(a)(2). The parties' briefs contain a thorough recitation of the district court's statements at sentencing and adequately present the facts and law relevant to Mr. Elam's argument on appeal. Because we conclude that oral argument is not necessary, we grant Mr. Elam's request and VACATE oral argument set for January 7, 2015, in this appeal.

We also grant the parties' request to remand for resentencing. A sentencing court can discuss the opportunities for rehabilitation within prison, but cannot select the length of the sentence to ensure that a defendant can complete a program. *See Tapia*, 131 S.Ct. at 2392-93; *see also United States v. Spann*, 757 F.3d 674, 675 (7th Cir. 2014) (holding

that a court violates *Tapia* if it bases its sentence even in part to promote an offender's rehabilitation); *United States v. Lucas*, 670 F.3d 784, 795 (7th Cir. 2012) (affirming where district court discussed opportunities for rehabilitation, but gave no indication that it chose length of sentence based on greater opportunities for rehabilitation). The district court's statements when sentencing Mr. Elam went beyond discussing opportunities for drug treatment and rehabilitation and indicate that the court selected a sentence longer than 24 months so that Mr. Elam could take advantage of a 24-month residential drug treatment program. Accordingly, we VACATE the district court's judgment and REMAND for resentencing.