**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2016[*]
Decided February 22, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2214

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 860-1 |
| GERARD M. LILES, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Gerard Liles pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1), after he sold both powder cocaine and crack cocaine to an informant. He was sentenced to 105 months' imprisonment and four years' supervised release. Liles appeals his sentence arguing, in part, that the district court failed to justify his term and conditions of supervised release in light of the 18 U.S.C. § 3553(a) factors. The government concedes

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

that a full resentencing is necessary because of this error. We agree and vacate and remand.

At sentencing the district court determined that Liles's history of violent behavior and the need to protect the community from him warranted a high-guidelines prison term. It did not explicitly address Liles's mitigation argument, made in his sentencing memorandum and renewed at the hearing, that because of the sentencing disparity between powder-cocaine and crack-cocaine offenses, he warranted a below-guidelines term of imprisonment. The court also orally pronounced ten conditions of supervised release; the written judgment, however, included seven additional conditions.[1]

Liles correctly argues, and the government concedes, that the district court's failure to weigh the § 3553(a) factors when imposing the supervised-release conditions and to tailor those conditions narrowly to his situation requires a full resentencing. *See United States v. Falor*, 800 F.3d 407, 411 (7th Cir. 2015); *United States v. Kappes*, 782 F.3d 828, 837, 844–45, 847–62 (7th Cir. 2015). As Liles points out (and the government again concedes), the district court also failed to pronounce all of the conditions orally, an omission the court can correct on remand. *See United States v. Medina-Mora*, 796 F.3d 698, 700 (7th Cir. 2015); *United States v. Johnson*, 765 F.3d 702, 710–11 (7th Cir. 2014).

Liles asserts three additional procedural challenges that we do not decide, but flag for the district court to consider at a new sentencing. First, Liles contends that the district court ignored his principal mitigating argument about the sentencing disparity between crack cocaine and powder cocaine. We have held that this particular argument is not frivolous, *see United States v. Morris*, 775 F.3d 882, 887 (7th Cir. 2015); *United States v. Johnson*, 643 F.3d 545, 549–50 (7th Cir. 2011), but need be addressed only if it is a *principal*—that is, not an undeveloped—argument, *see United States v. Olmeda-Garcia*, 613 F.3d 721, 723–24 (7th Cir. 2010); *United States v. Cunningham*, 429 F.3d 673, 678–79 (7th Cir. 2005). The court is not required to accept it as a mitigating argument and has discretion over how to evaluate it. *See United States v. Estrada-Mederos*, 784 F.3d 1086, 1091 (7th Cir. 2015); *United States v. Moreno-Padilla*, 602 F.3d 802, 812–13 (7th Cir. 2010). Second, Liles asserts that the district court failed to justify his sentence. Although the

---

[1] The written judgment included additional conditions requiring Liles to "provide financial support to dependents if financially able," "refrain from knowingly meeting or communicating with any person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity," and "refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%)."

court need not address "all of the § 3553(a) factors in checklist fashion, … [it must] adequately explain the chosen sentence to allow for meaningful appellate review." *United States v. Washington*, 739 F.3d 1080, 1081–82 (7th Cir. 2014) (citation and internal quotation marks omitted); *see United States v. Spann*, 757 F.3d 674, 676–77 (7th Cir. 2014). We also remind the court of our suggestion to ask the parties at the end of a sentencing whether they are satisfied with the explanation and if all mitigating arguments have been addressed. *See United States v. Cruz*, 787 F.3d 849, 850 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014). Third, Liles argues that the district court relied on the government's inaccurate statement at sentencing that he committed this crime while on release (in fact, he was not on release at the time). *See United States v. Chatman*, 805 F.3d 840, 844–45 (7th Cir. 2015); *United States v. Durham*, 645 F.3d 883, 899–900 (7th Cir. 2011). At resentencing the parties will be able to correct the government's misstatement.

Thus, the judgment is VACATED and the case is REMANDED for resentencing.