In the

# United States Court of Appeals

## For the Seventh Circuit

No. 25-1357

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TIMOTHY L. RICHARDS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 1:10CR6-001 – **Holly A. Brady**, *Chief Judge.*

ARGUED NOVEMBER 18, 2025 — DECIDED DECEMBER 8, 2025

Before HAMILTON, ST. EVE, and KIRSCH, *Circuit Judges.*

ST. EVE, *Circuit Judge.* After Timothy Richards violated numerous conditions of his supervised release, the district court sentenced him to 36 months' imprisonment. Richards appeals his sentence, arguing the district court erred by increasing the length of his sentence for the purpose of rehabilitation. *Tapia v. United States*, 564 U.S. 319 (2011). We affirm.

## I. Background

In 2012, the district court sentenced Richards to 180 months' imprisonment and six years of supervised release following his convictions for drug and firearm offenses. Richards completed his term of imprisonment and began supervised release in 2022. His conditions of supervised release included keeping lawful employment, notifying his probation officer of changes of address or employment, and not possessing controlled substances. Richards did not comply with these conditions. In May 2024, the homeless shelter where Richards resided suspended him, but Richards failed to notify his probation officer of this change in residence. Further, he affirmatively misrepresented his place of residence in July 2024. That same month, Richards left his job without finding another. Yet he did not notify his probation officer of his change in employment status. Richards also failed multiple drug tests. Richards's probation officer petitioned to revoke his supervised release in November 2024.

Richards admitted these violations at a February 2025 revocation hearing. The district court determined that the applicable Guidelines range for these violations combined with Richards's criminal history was 18 to 24 months' imprisonment. The government requested that the court sentence Richards to 30 months' imprisonment with supervised release upon completion. Richards requested 18 months' imprisonment without additional supervised release, contending that the violations were not particularly serious. While considering Richards's request, the district court said it was "struggling" with the fact that Richards had not satisfied his original sentence and "he really has four years of supervised release that he hasn't satisfied." Both the government and Richards's

counsel emphasized the futility of additional supervision; Richards would continue to violate the conditions because he wanted to live his life independently—even if it meant being homeless and jobless. Richards explained he would rather return to prison than continue under his probation officer's supervision.

The district court revoked Richards's supervised release and imposed a 36-month sentence. The district court explained it came to this decision by considering the "seriousness of the admitted violations, the defendant's personal history and characteristics, the defendant's criminal history and the term of imprisonment and term of supervised release initially imposed by the Court in this case." It also recognized "the defendant's stated intention to not comply with the further term of supervised release if the Court were to impose one." The district court said, "a sentence of 36 months of imprisonment shall be imposed to hold the defendant accountable for the violations."

The district court continued:

> The sentence is imposed for the following reasons: While it is outside the guideline range, the Court nonetheless finds that it provides the defendant with needed correctional treatment in the most effective matter, and also adequately takes into account the history and characteristics of the defendant. Therefore, it is ordered that the defendant's term of supervision is revoked and the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 36 months of

imprisonment to hold the defendant accounta-
ble for the violations.

After recommending that the Bureau of Prisons designate a specific facility for Richards and give him the opportunity to participate in the Residential Drug Abuse Program, the district court added: "It is ordered that upon release from imprisonment … the defendant shall be discharged from any further term of supervised release."

## II. Discussion

On appeal, Richards argues that the district court committed a *Tapia* error because it primarily focused on rehabilitation when sentencing him to 36 months' imprisonment. Although the parties disagree on the proper standard of review, the district court did not err under either standard, so we need not decide that question.[*]

---

[*] We recognize that we have not always applied a consistent standard of review in *Tapia* cases. *Compare United States v. Shaw*, 39 F.4th 450, 456 (7th Cir. 2022) (applying de novo review), *and United States v. Wilcher*, 91 F.4th 864, 869–70 (7th Cir. 2024) (same), *with United States v. Long*, 79 F.4th 882, 885 (7th Cir. 2023) (applying plain error review), *and United States v. Kopp*, 922 F.3d 337, 340, 342 n.2 (7th Cir. 2019) (same).

While we leave the opportunity to reconcile these cases for another day, we address the government's contention that the Supreme Court's dicta in *Esteras v. United States*, 606 U.S. 185, 202–03 (2025), abrogates our opinions in *United States v. Wood*, 31 F.4th 593, 598 (7th Cir. 2022), and *United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018). Because the Supreme Court did not discuss Federal Rule of Criminal Procedure 51(a) in *Esteras*, we previously rejected this argument, *see United States v. Stewart*, 148 F.4th 501, 509 n.3 (7th Cir. 2025), and do so again here.

A *Tapia* error occurs when a district court focuses "exclusively or disproportionately on rehabilitation in deciding … how long a [prison] term should be." *Long*, 79 F.4th at 889; *see also* 18 U.S.C. § 3582(a) ("[I]mprisonment is not an appropriate means of promoting correction and rehabilitation."). While a district court can urge the Bureau of Prisons to place a defendant in a prison-treatment program, *United States v. Lucas*, 670 F.3d 784, 795 (7th Cir. 2012), it cannot make such placement the driving force behind the length of the sentence. *See Shaw*, 39 F.4th at 459.

Richards asserts that the district court committed a *Tapia* error by lengthening his sentence 12 months over the Guidelines range. Richards supports his argument with the district court's statement that it was imposing a sentence outside the Guidelines range because "it provides the defendant with needed correctional treatment." But Richards mischaracterizes the *Tapia* inquiry. For a district court to lengthen a defendant's sentence improperly for the purpose of rehabilitation, there must be an "indication that the district court chose the length of the sentence based upon the greater opportunities for rehabilitation a longer prison sentence allowed." *Lucas*, 670 F.3d at 795. In other words, the sentence must have been longer than the one the district court would have ordered had rehabilitation not driven it. *See Kopp*, 922 F.3d at 342–43 (changing sentence from 18 to 20 months so the defendant could participate in a drug abuse program). A district court can stay within the Guidelines and still make this error, *see id.* at 340, so a sentence over the Guidelines range alone does not establish a *Tapia* error. And here, Richards provides no such comparison to what the district court would have otherwise ordered.

Richards maintains that his supervised release violations were not serious, so the district court could only have considered rehabilitation when setting his sentence at 36 months. But as the government correctly notes, the district court considered a myriad of grounds for Richards's sentence: Richards's personal history and characteristics; his criminal history and original sentence; his stated refusal to comply with the conditions of supervised release; and his numerous violations of the conditions of his supervised release. And even if the violations were not serious, there were many.

Reviewing the entirety of the sentencing transcript, *see United States v. Durham*, 967 F.3d 575, 579–80 (7th Cir. 2020), suggests another reason for the length of Richards's sentence: the district court, seeing it was fruitless for Richards to remain on supervised release, chose the above-Guidelines sentence because it was concerned about Richards not completing his original sentence. Richards had served only two of the six years of supervised release in his original sentence. The district court pointed out that he had not satisfied the original sentence and "he really has four years of supervised release that he hasn't satisfied." It was struggling with that fact. It would make sense then for the district court to make this compromise: there was no supervised release after Richards's term of imprisonment—as Richards desired—but Richards would serve three years' imprisonment, meaning he would nearly satisfy his original sentence.

While it is true the district court also reasoned the sentence "provides the defendant with needed correctional treatment in the most effective manner," this phrase alone—a restatement of the rehabilitation factor of 18 U.S.C. § 3553(a)—does not show, as Richards suggests, that the district court

disproportionately focused on rehabilitation when setting the length of Richards's sentence. The district court was required to consider rehabilitation before revoking Richards's supervision and imposing a sentence. *See* 18 U.S.C. § 3553(a); *Shaw*, 39 F.4th at 459. It did so properly by stating this factor and recommending that Richards participate in prison programs. *See Lucas*, 670 F.3d at 795.

*    *    *

The judgment of the district court is

AFFIRMED.